UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN HARDIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-0971 (RJL) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
NOV 26 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>MEMORANDUM OPINION</u>

November _16th_, 2018 [Dkt. # 23]

Plaintiff, appearing *pro se*, has sued the United States under the Freedom of Information Act ("FOIA"). The complaint stems from plaintiff's FOIA requests submitted to the Internal Revenue Service ("IRS") and the Executive Office for United States Attorneys ("EOUSA"), which yielded no responsive records. On March 7, 2016, I granted summary judgment to defendant on the claim against EOUSA and denied summary judgment on the claim against the IRS. *See generally* Mem. Order [Dkt. # 20] ("Mem."). This matter is back before me on the IRS's supplemental motion for summary judgment, supported by the Declaration of IRS Attorney Michael Franklin ("Franklin Decl.") [Dkt. # 23-2].[1] Plaintiff has opposed the motion and the IRS has replied. For the reasons explained below, the Court GRANTS the supplemental motion.

Plaintiff had requested information pertaining to visitors at the IRS's office in Fairview Heights, Illinois. *See* Mem. at 3. I could not assess, however, the IRS's search on the meager

---

[1] The declarant is an attorney assigned to "one of two branches" of the IRS "with jurisdiction . . . over disclosure matters, whether arising in the context of tax litigation, the FOIA . . ., or summons enforcement." Franklin Decl. ¶ 1.

1

record. *See id.* at 8. Additional facts and the applicable legal standard are set out in the initial ruling and need not be repeated here. *See id.* at 3-5, 7-8.

In the supplemental record, the declarant describes his "independent search," *id.* ¶ 6, which located "no records responsive to Mr. Hardimon's request created or maintained in the Fairview Heights IRS office and no records systems that would have contained any responsive records." Franklin Decl. ¶ 9. The declarant explains:

> Because the IRS does not have universal procedures for maintaining visitor logs for all of its offices, I queried employees of the Fairview Heights IRS office to describe the methods, procedures, and any systems in which those records are maintained in that particular office. I began by contacting Supervisory Criminal Investigator (Special Agent) Scott Lindauer at the Fairview Heights IRS office and asked him to describe the office and sign-in process. Mr. Lindauer confirmed to me the procedures described in AM Gulas' October 14th declaration. I also contacted Jamie Beisner, a Management and Program Assistant at the Fairview Heights IRS Office in Large Business and International, a civil function of the IRS. Ms. Beisner confirmed Mr. Lindauer's statement. Both explained that the building was a stand-alone IRS building leased from GSA, not a large federal building with multiple agencies. The public area is accessed by the West Entrance of the building. The public area is primarily a taxpayer assistance center (TAC) for taxpayers to walk in and get tax forms and publications, or assistance with tax matters. In the public area, there is a security guard, who is not an IRS employee, but a contractor. If a visitor were to come into the building through the West Entrance into the public area, the security guard has a telephone with which the guard may call an IRS employee from Criminal Investigation or one of the civil functions to come down to get the visitor. However, *there is no visitor log or sign-in sheet maintained in this area. There is no place for visitors to "sign in." The guard does not otherwise maintain a visitor log or sign-in sheet.*

Franklin Decl. ¶ 6 (emphasis added).

Our Circuit observed long ago: "It is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request[,] and a requester is entitled only to records that an agency has in fact chosen to create and retain." *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 321 (D.C. Cir. 1982) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S.

2

132, 161-62 (1975)). An agency has *no* obligation to "answer questions disguised as a FOIA request," to "create documents or opinions in response to an individual's request for information," *Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 497 (D.D.C. 2015) (quoting *Adams v. FBI*, 572 F. Supp. 2d 65, 68 (D.D.C. 2008)), or "to conduct research," *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 269 (D.D.C. 2012) (citation omitted).

Franklin's declaration establishes, consistent with the IRS's response at the administrative level, that the requested information was never maintained in an IRS filing system to trigger FOIA's disclosure requirements.[2] Plaintiff has adduced no evidence to the contrary. Nor has he rebutted the "presumption of good faith" accorded the agency's adequately detailed declaration, *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted), which confirms "the Service's original conclusion that the records requested by Plaintiff do not exist." Franklin Decl. ¶ 5. Consequently, I find that defendant is entitled to summary judgment on the claim against the IRS. A final order will issue separately.

RICHARD J. LEON
United States District Judge

---

[2] In the administrative response, the Disclosure Manager wrote: "The records you are seeking are not IRS agency records. IRS agency records are retrieved by a unique identifier. The IRS does not have jurisdiction over the records you are seeking." [Dkt. # 11-4 at ECF p. 20].